

ENTERED
03/03/2015

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| TERRY L. SHAW, II and | ) | CASE NO. 08-30319-H3-7 |
| JENNIFER A. SHAW, | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| JENNIFER A. SHAW, | ) | ADVERSARY NO. 13-3251 |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| EDUCAP, INC., | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

The court held a trial on the Complaint To Receive Discharge of Student Loan, as amended (Docket Nos. 1 and 17), filed by Plaintiff, Jennifer A. Shaw.  After consideration of the pleadings, evidence, testimony and argument of counsel, the court makes the following findings of fact and conclusions of law and renders a Judgment for Defendant, EduCap, Inc., declaring the student loan debt nondischargeable.  To the extent that any findings of fact are deemed to be conclusions of law they are hereby adopted as such.  To the extent that any conclusions of law are deemed to be findings of fact they are hereby adopted as such.

Findings of Fact

1. During 2004, Plaintiff obtained two private student loans.  On December 22, 2006, she consolidated the loans into one

new loan payable to Defendant.  Testimony of Jennifer Shaw; EduCap Exhibit Nos. 1 - 4.

2. On January 28, 2008, Plaintiff and her husband, Terry L. Shaw, II, filed a chapter 7 bankruptcy case which was converted to chapter 13 on May 9, 2008, pursuant to an Agreed Order entered into with the United States Trustee.  Thereafter, on June 24, 2008, the case was reconverted back to a chapter 7 proceeding on the motion of Plaintiff and her husband.  Main Case No. 08-30319-H3-7, Docket Nos. 1, 26, and 38.

3. Defendant filed an unsecured proof of claim on February 14, 2008 in the amount of $104,405.98.  The proof of claim listed that the basis for the claim was an educational loan which was nondischargeable pursuant to 11 U.S.C. § 523(a)(8).  EduCap Exhibit No. 13; Testimony of Zabrina Shepherd, Bankruptcy Administrator and Custodian of Records, EduCap, Inc.  Plaintiff did not file an objection to the proof of claim.  During the pendency of the main case bankruptcy, neither Plaintiff nor Defendant filed an adversary proceeding seeking a determination of the dischargeability of the debt.  Plaintiff and her husband received a discharge under chapter 7 on October 17, 2008.  Main Case No. 08-30319-H3-7, Docket No. 53.

4. In September 2011, Defendant filed suit in state court to recover the money owed on the loan and obtained a default judgment against the Plaintiff.  EduCap Exhibit No. 14; Testimony

of Shepherd. Upon Plaintiff's motion, this court reopened the main case bankruptcy to allow Plaintiff to file the instant adversary proceeding to determine the dischargeability of the student loans.

5. Plaintiff and Defendant stipulated to the following facts. Defendant is a non-profit corporation that funded the loan made to Plaintiff to pay off the two private educational loans. The loan was an education loan and it was acknowledged by Plaintiff in the loan that the loan was for educational purposes only. The loan was made by a non-profit institution for an educational benefit. Plaintiff has no undue hardships that warrant non-dischargeability of the loan. EduCap Exhibit No. 16. These same stipulated facts were included as "Admissions of Fact" in the Joint Pretrial Statement which was signed by counsel for both Plaintiff and Defendant. Docket No. 38.

6. Plaintiff contends that prior to 2005, private student loans were dischargeable in bankruptcy and as the two loans originated as private loans in 2004, the debt is dischargeable, regardless of the consolidation of the loans in 2006. Plaintiff alleges in the amended complaint that the loan "was discharged, not as an undue hardship, but because the Loan originated in 2004, and was discharged in 2008." Main Case, Docket Nos. 1 (Complaint), 17 (Amended Complaint), 24 (Response to EduCap's Motion for Summary Judgment).

7. Despite the Plaintiff's pleadings, stipulation of

facts, and admission of facts that repayment of the loan did not impose an undue hardship on her, Plaintiff testified, on cross examination, that repayment was an undue hardship at the time the bankruptcy was filed and that repayment presently remains an undue hardship.  Plaintiff testified that the bankruptcy case was filed after she had been diagnosed with an autoimmune disease and had incurred major medical expenses.  She testified that she underwent treatment for approximately three years, after which her disease was in remission for four years.  Plaintiff also testified that she continues to have health problems as her disease returned two and one-half years ago.

       8.   The court took judicial notice of Schedule I (Current Income of Individual Debtor) during the trial.  Schedule I was filed on January 28, 2008 and amended on March 12, 2008.  Main Case, Docket Nos. 1 and 19.  Schedule I reflects that Plaintiff was employed as a dental hygienist during the pendency of the bankruptcy case.  Plaintiff testified that she is still employed as a dental hygienist and that her current monthly "take home" pay is approximately $5,000.  No other evidence was submitted by Plaintiff in connection with the issue of undue hardship.

       9.   No evidence was submitted by Plaintiff to establish that she cannot maintain, based on current income and expenses, a "minimal" standard of living if forced to repay the loan.  Other than Plaintiff's testimony that she continues to have health

problems, Plaintiff did not submit evidence to establish that her inability to pay is likely to persist for a significant portion of the repayment period.  Other than Shaw's testimony that she believed she was current on her loan payments until bankruptcy was filed on January 28, 2008, no evidence was submitted to indicate that she made any other good faith efforts to repay the loan.

      10.  The court finds that the loan qualifies as a loan under section 523(a)(8)(A)(i) as it was an educational loan through a program funded in part by a nonprofit institution and under section 523(a)(8)(A)(ii) as it is an obligation to repay funds received as an educational benefit.  It also qualifies as a loan under section 523(a)(8)(B) as it is a "qualified education loan" as defined by the Internal Revenue Code, section 221(d)(1).  The court finds that Plaintiff has not sustained her burden of proof, by a preponderance of the evidence, to establish that repayment of the loan would impose upon her, or her dependants, an undue hardship pursuant to section 523(a)(8).

## Conclusions of Law

      1.  A debtor or creditor may file a complaint to determine the dischargeability of a debt.  Other than under section 523(c), the complaint may be filed at any time.  Thus, there is no deadline to file a dischargeability action except for those filed on the basis of sections 523(a)(2), 523(a)(4), and 523(a)(6).  Bankruptcy Rule 4007.  The cause of action asserted is based upon

section 523(a)(8). This court finds that the complaint need not have been filed during the pendency of the main case bankruptcy. The complaint was timely filed.

  2. The discharge order issued to Debtor on October 17, 2008 covers "dischargeable debts." Section 523(a)(8) is "self-executing" and unless the debtor affirmatively secured a hardship determination, the discharge order will not include a student loan debt. Thus, a student loan debt remains due until there is a determination that the loan is dischargeable. The ultimate burden is on the Debtor to seek a determination of dischargeability. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004).

  3. Section 523(a)(8) was last amended in 2005 and those amendments were effective for all cases filed on or after October 17, 2005.[1] The instant chapter 7 bankruptcy case was filed on January 28, 2008. Thus, section 523(a)(8) in its current form is applicable to the instant case.[2]

  4. Section 523 (Exceptions to discharge) states, in pertinent part, that:

  (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an

---

[1] In 1998, Congress amended section 523(a)(8) by eliminating the 7 year repayment subsection. This amendment was effective for cases commenced after October 7, 1998. In 2005, Congress amended the section to add the exception for a qualified education loan as defined in section 221(e)(1) of the IRS Code (in addition to a student loan extended by the government). The 2005 amendments were effective for all cases filed on or after October 17, 2005.

[2] Since issues involved in an adversary proceeding originate from the main bankruptcy case, the law governing the main bankruptcy case will govern the adversary proceeding. *See In re Kilroy*, 354 B.R. 476 (Bankr. S.D.Tex. 2006).

individual debtor from any debt—
....
    (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtors dependents, for
        (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
           (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
        (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

    5.   Section 221(d)(1) of Title 26 of the United States Code (Internal Revenue Code) provides:

(d) Definitions

For purposes of this section—
  (1) Qualified education loan
  The term "qualified education loan" means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—
    (A) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred,
    (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and

    (C) which are attributable to education furnished during a period during which the recipient was an eligible student.

Such term includes indebtedness used to refinance indebtedness which qualifies as a qualified education loan. The term "qualified education loan" shall not include any indebtedness owed to a person who is related (within the meaning of section 267 (b) or 707 (b)(1)) to the taxpayer or to any person by reason of a loan under any qualified employer plan (as defined in section 72 (p)(4)) or under any contract referred to in section 72 (p)(5).

6.      Section 523(a)(8) is governed by a preponderance of the evidence, the burden of proof which is borne by the Debtor. See *Chisari v. Florida Dept. of Education (In re Chisari)*, 139 B.R. 963, 966-67 (Bankr. M.D.Fla. 1995); *Bachner v. Illinois (In re Bachner)*, 165 B.R. 875, 880 (Bankr. N.D.Ill. 1994).

7.      To determine whether undue hardship exists, the most widely used test includes three conditions to examine:  1)  Debtor cannot maintain, based on current income and expenses, a "minimal" standard of living if forced to repay the loans; 2) There are indications that the state of affairs or circumstance is likely to persist for a significant portion of the repayment period; and 3) Debtor made good faith efforts to repay the loans.  See *Brunner v. NY State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987). *Stebbinshopf v. Texas Guaranteed Student Loan Corporation*, 176 BR 784 (Bankr. W.D. Tex. 1994).

Based upon these findings of fact and conclusions of law, this court renders a Judgment for Plaintiff declaring nondischargeable the student loan debt of Plaintiff.  The court will enter a separate Judgment in conjunction with these findings of fact and conclusions of law.

Signed at Houston, Texas on this 3rd day of March, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE